```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
RICARDO ALPHONSO CUNNINGHAM,              MEMORANDUM AND ORDER
                                          18-CV-4492 (KAM)
          Plaintiff,

     -against-

UNITED STATES OF AMERICA;
UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

          Defendants.
------------------------------x
```
**KIYO A. MATSUMOTO, United States District Judge**:

On August 7, 2018, plaintiff Ricardo Alphonso Cunningham ("plaintiff"), appearing *pro se*, filed the instant action against the United States of America and the United States Citizenship and Immigration Services ("USCIS"). Plaintiff asserts a litany of allegations against Defendants, including claims under 18 U.S.C. §§ 241, 242; 42 U.S.C. §§ 1983, 1985, 1986; the First Amendment; the Fourth Amendment; the Fifth Amendment; the Ninth Amendment; the Thirteenth Amendment; the Fourteenth Amendment; and child trafficking laws. Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons discussed below, the complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff's claims are unclear. Upon a liberal reading

1

of the complaint, the court determines that Plaintiff disagrees with the immigration policies of the United States, including the policy of separating children from their families. Plaintiff does not allege that he or any members of his family have been personally affected by the United States immigration policies. In addition, Plaintiff accuses the President of the United States and other leaders of "spewing hate speech." (Complaint ("Compl."), ECF No. 1 at 7.) Plaintiff seeks monetary damages for every "victim" and seeks revision of the immigration laws. (*Id.* at 8.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678(2009). Where, as here, the plaintiff is proceeding *pro se*, courts must construe the plaintiff's pleadings liberally. *See, e.g., Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191(2d Cir. 2008); *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004). However, a *pro se* complaint must still state a claim to relief that is plausible on its face. *Mancuso v. Hynes,* 379 F.

2

App'x 60, 61 (2d Cir. 2010).

Importantly, where the plaintiff is proceeding *in forma pauperis*, the district court must screen the complaint and dismiss any action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). In considering whether to dismiss a complaint, the court accepts as true all factual allegations it contains. *Iqbal,* 556 U.S. at 678.

Furthermore, "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton,* 535 U.S. 625, 630 (2002). Thus, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.; see also* Fed. R.

Civ. P. 12(h)(3).

## DISCUSSION

In order to bring an action in a federal court, Plaintiff must establish that he has standing to pursue his claims under Article III of the United States Constitution. *E.M. v. N.Y.C. Dep't of Educ.,* 758 F.3d 442, 449 (2d Cir. 2014). "To establish that a case or controversy exists so as to confer standing under Article III, a plaintiff must satisfy three elements: (a) the plaintiff must suffer an 'injury in fact,' (b) that injury must be 'fairly traceable' to the challenged action, and (c) the injury must be likely to be 'redressed by a favorable decision' of the federal court." *Natural Res. Def. Council, Inc. v. U.S. Food & Drug Admin.,* 710 F.3d 71, 79 (2d Cir. 2013) (citations omitted); *see also Hollingsworth v. Perry,* 570 U.S. 693, 704, 133 S.Ct. 2652, 2661 (2013) ("[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm."). Moreover, a plaintiff must show that he was personally deprived of rights or privileges guaranteed by the United States Constitution. *See Collins v. W. Hartford Police Dep't,* 324 F. App'x 137, 139 (2d Cir. 2009). Here, to the extent that any constitutional deprivation occurred, the injury is to the individuals who are affected by the United States

4

immigration policies, not to plaintiff who has not alleged facts as to how he is affected by the government's alleged actions. *See e.g., Guichardo v. Hanson,* No. 15-cv-0585, 2015 WL 6866308, at *3 (E.D.N.Y. Nov. 6, 2015) (grandmother, grandfather, and mother lacked standing where the complaint related to the harm allegedly suffered by their adult son).

## CONCLUSION

Accordingly, the complaint filed *in forma pauperis* is dismissed without prejudice for lack of subject matter jurisdiction due to plaintiff's lack of standing. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3); *Carter v. HealthPort Techs., LLC,* 822 F.3d 47, 54 (2d Cir. 2016) (where a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice).

"A pro se complaint is to be read liberally, and should not be dismissed without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)(cleaned up)(internal citations omitted). Here, even a liberal reading of plaintiff's complaint offers no indication that plaintiff can sustain a valid claim, as he has not alleged facts as to how he is affected by the government's alleged actions. Therefore, leave

5

to amend the complaint is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment without prejudice and mail a copy of this Memorandum and Order to plaintiff, and to close the case.

**SO ORDERED.**

Dated:     November 19, 2020
           Brooklyn, New York

                                              _____/s/_____
                                              KIYO A. MATSUMOTO
                                              United States District Judge